1 | R. Randy Wertz, Esq. (SBN 73128)
2 | DRYDEN, MARGOLES, SCHIMANECK & WERTZ
A Law Corporation
555 Montgomery Street, Suite 750
3 | San Francisco, California 94111
Telephone: (415) 362-6715
4 | Facsimile: (415) 362-0638
Email: rrwertz@drydenlaw.com
5 |
6 | Jeffrey D. Wilson, Esq.
YOUNG BASILE HANLON & MACFARLANE, P.C.
7 | 3001 West Big Beaver Road, Suite 624
Troy, MI 48084
8 | Tel:   (248) 649-0990 • Fax: (248) 649-7155
Email: wilson@youngbasile.com
9 | *Pursuant to Pro Hac Vice Admission*

Attorneys for Plaintiff, THE SHERWIN-WILLIAMS COMPANY
f/k/a SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO BRANCH**

| | |
|---|---|
| THE SHERWIN-WILLIAMS COMPANY f/k/a SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP., , <br><br>                    Plaintiff, <br><br> v. <br><br> L.A. SMITH & SONS INC. d/b/a L.A. SMITH & SONS COLLISION CENTER, a California corporation; KIRK SMITH, <br><br>                    Defendants. | ACTION NO.: 3:12cv-02761-JST <br><br> [~~PROPOSED~~] ORDER DISMISSING COMPLAINT AND CR0SS-COMPLAINT WITHOUT PREJUDICE, AND RETAINING JURISDICTION <br><br> Judge:  The Honorable Jon S. Tigar <br> Courtroom:     9, 19th Floor |

Based on the parties' Notice of Dismissal & Request that Court Retain Jurisdiction [Doc __]

filed in this action,

**IT IS HEREBY ORDERED AS FOLLOWS:**

The complaint and the cross-complaint filed by defendants L.A. SMITH & SONS INC. d/b/a

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ

555 MONTGOMERY STREET
SUITE 750
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

1

1    L.A. SMITH & SONS COLLISION CENTER, a California corporation; KIRK SMITH, are

2    dismissed without prejudice.

3        The Court will retain jurisdiction until all payments have been made pursuant to the

4    Settlement Agreement attached as Exhibit A.

5        As set forth in the executed Judgment Note attached as Exhibit B, its maturity may be

6    accelerated by Plaintiff if payments are not timely made.

7        **IT IS SO ORDERED.**

8    DATED: January 17, 2014

9               Jon S. Tigar
               United States District Judge

**DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ**
555 MONTGOMERY STREET
SUITE 750
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

[PROPOSED] ORDER DISMISSING COMPLAINT AND CR0SS-COMPLAINT WITHOUT PREJUDICE,
AND RETAINING JURISDICTION

EXHIBIT "B"

## JUDGMENT NOTE
## $350,000

**FOR VALUE RECEIVED**, the receipt and adequacy of which are hereby acknowledged, the undersigned **L.A. SMITH & SONS, INC.** and **KIRK SMITH**, an Individual ("*Makers*") with an address of 830 Castro Street, San Leandro, Alameda County, California 94577 intending to be legally bound, hereby promise to pay to the order of **THE SHERWIN-WILLIAMS COMPANY** ("*Sherwin-Williams*"), and mailed to Robert Orme, Director of Financial Services, the Sherwin-Williams Company, Automotive Finishes Division, 4440 Warrensville Center Road, Warrensville Heights, OH 44128, the principal sum of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000). The principal amount of this Judgment Note ("*Note*") will be amortized over a period beginning December 1, 2013 and ending May 1, 2018. Commencing on the date of execution of the Confidential Settlement Agreement and Mutual Release, Makers shall make an initial payment to Sherwin-Williams in the amount of $85,000, and shall make payments of $4,500 on the 1st day of each month for the next 58 months, and Makers shall make a final payment of $4,000 on October 1, 2018 ("Maturity Date"). Provided all payments are made in a timely manner in accordance with the above schedule, such payments shall be interest-free.

**Time for Payment**. If any payment of principal or interest on this Note shall become due on a Saturday, Sunday or on any legal holiday on which mail is not delivered by the U.S. Postal Service, such payment shall be made on the next succeeding business day and such extension of time shall in such case be included in computing interest in connection with such payment.

**Origin of Note**. This Note is the Note referred to in and issued pursuant to that certain Confidential Settlement Agreement and Mutual Release dated November __, 2013 between Sherwin-Williams and Makers (the "Settlement Agreement"). The Settlement Agreement contains provisions, among other things, for the acceleration of the stated maturity of this Note upon the happening of certain stated events recited therein and also for prepayments on account of the principal hereof prior to maturity as provided therein.

**Late Charge**. If any payment due under this Note is not paid within five (5) days after payment is due, Makers agrees to pay a late charge of five percent (5%) of any monthly payment not so received by Sherwin-Williams. Furthermore, if this Note is not paid when due and is placed with an attorney for collection, and whether or not suit is entered hereon against Makers, Makers further agree to pay to Sherwin-Williams, in addition to the principal and interest then due and payable, any late charges, the costs of suit and any reasonable attorney's fees actually incurred provided that the attorney's fee shall not exceed the amount permitted by law.

**Events of Default**. Notwithstanding the Maturity Date set forth above, the maturity of this Judgment Note may be accelerated by Sherwin-Williams at Sherwin-Williams' option upon

the occurrence of any of the following events ("*Events of Default*"):

(a)     If Makers shall fail to pay when due any interest or principal payable to Sherwin-Williams hereunder or any amount due under the Settlement Agreement, and such failure is not cured within five (5) business days of Makers' receipt of written notice by Sherwin-Williams;

(b)     If Makers shall fail to make two (2) consecutive payments on or before their scheduled due dates, regardless of any subsequent cure or late payment;

(c)     Voluntary or involuntary bankruptcy, reorganization, insolvency, arrangement or receivership proceedings are commenced by or against one or both of the Makers and such proceedings continue undismissed for sixty (60) days; or

(d)     If any of the representations and warranties of Makers hereunder are determined to be false or invalid.

**Remedies upon Default**.

(a)     The unpaid principal amount of this Note, together with all interest accrued and unpaid thereon, and all other sums due under this Note and the Settlement Agreement (all such sums collectively referred to as the "Debt") shall without notice become immediately due and payable at the option of Sherwin-Williams if any Event of Default occurs. In the event that it should become necessary to employ counsel to collect the Debt, Makers shall also pay reasonable attorneys' fees for the services of such counsel.

(b)     *Default Interest*. Upon the occurrence of an Event of Default or upon the failure of Makers to pay the Debt in full on the Maturity Date, Sherwin-Williams shall be entitled to receive, and Makers shall pay, interest on the entire unpaid principal sum at the rate of Two Percent (2%) per month (the "Default Rate") accruing from the date of the Event of Default. This charge shall be added to the Debt. This section, however, shall not be construed as an agreement or privilege to extend the date of the payment of the Debt, nor as a waiver of any other right or remedy accruing to Sherwin-Williams by reason of the occurrence of any Event of Default. In the event that the Default Rate is above the maximum rate permitted by then-applicable law, the Default Rate shall be the maximum rate permitted by applicable law.

(c)     Upon the occurrence of an Event of Default, Sherwin-Williams may, without notice, file the necessary pleadings or papers for Entry of Judgment by Consent ("Judgment") in the _____ Court in _____ California. A copy of the Judgment is attached hereto as Exhibit A.

JUDGMENT NOTE
*The Sherwin-Williams Co. vs. L.A. Smith & Sons, et al.*
Page 2 of 4

**Prepayments**.  Makers may prepay this Note in whole or in part on any date on which a payment is due hereunder without penalty.

**Representation and Warranties**.  Makers represent and warrant upon the execution and delivery of this Note that: (a) L.A. Smith & Sons, Inc. is duly organized and validly existing under the laws of the State of California; (b) L.A. Smith & Sons, Inc. has the power to execute and deliver this Note and to perform its obligations hereunder and has taken all necessary action to authorize such execution, delivery and performance; (c) such execution, delivery and performance do not violate or conflict with any law applicable to L.A. Smith & Sons, Inc. or Kirk Smith, or any order or judgment of any court or other agency of government applicable to it or any of its assets or any material contractual restriction binding on or materially affecting it or any of its assets; (d) Makers' obligations under this Note constitute its legal, valid and binding obligations, enforceable in accordance with its terms except to the extent that such enforcement may be limited by applicable bankruptcy, insolvency or other similar laws affecting creditors' rights generally; and (e)  the principal of this Note will be used solely for business purposes and not for personal, family or household purposes.

**No Oral Waivers or Modifications**.  No waivers, amendments or modifications of this Note shall be valid unless in writing and signed by Sherwin-Williams.

**Unconditional Liability**.  Makers agree that Sherwin-Williams may grant any releases, compromises or indulgences with respect to any collateral securing this Note or with respect to any other person liable primarily or secondarily with respect thereto, all without notice to or consent of Makers and without affecting the liability of Makers under this Note.

**Successors and Assigns**.  The rights and privileges of Sherwin-Williams shall inure to the benefit of its successors and assigns, and the duties and obligations of Makers shall bind Makers' successors and assigns.  Makers shall have no right to assign, voluntarily or by operation of law, any of the rights or duties under this Note without Sherwin-Williams' prior consent in writing.  Sherwin-Williams shall have the right to sell its interest in this Note or sell participations to any other persons or entities without the consent of Makers and disclose to any prospective purchaser or participant any information or other data or material in Sherwin-Williams's possession relating to Makers, provided that such prospective purchaser or participant is subject to a duty of confidentiality.

**Defined Terms**.  All references herein to the "Makers" and "Sherwin-Williams" shall be deemed to apply to Makers and Sherwin-Williams, respectively, and their respective heirs, successors and assigns.

**No Oral Modifications**.  This Note may not be modified or terminated orally, nor may any provision be waived, except by an agreement in writing, signed by the party against whom

JUDGMENT NOTE
*The Sherwin-Williams Co. vs. L.A. Smith & Sons, et al.*
Page 3 of 4

enforcement of such change, waiver, or termination is sought.

**Governing Law**.  This Note, for all purposes, shall be governed by and construed in accordance with the laws of the State of California.  In the event any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or the remaining provisions of this Note.

**Remedies Cumulative**.   All remedies available to Sherwin-Williams, whether set forth herein or otherwise, shall be cumulative and not exclusive.

Attached hereto is the Confession of Judgment which will be executed by Defendants as part of the mutual settlement of all claims. Also attached is the Declaration of Defendants' attorney who explained to Defendants that by executing the Confession of Judgment and the Settlement Agreement and the Judgment Note they are waiving rights and defenses they would otherwise have.

**IN WITNESS WHEREOF**, the undersigned has caused this Note by its duly authorized representative as of the date first above written with the intention that this Note shall constitute a sealed instrument.

ATTEST / WITNESS

By _____

ARRON W. STANLEY
Commission No. 1981271
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires JULY 4, 2016

*See CA Acts*

L.A. SMITH & SONS, INC.

By: _____
Kirk Smith, President

By: _____
Kirk Smith, in his own right

**JUDGMENT NOTE**
*The Sherwin-Williams Co. vs. L.A. Smith & Sons, et al.*
Page 4 of 4

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Alameda_

On _12-23-13_ before me, _Arron W Stanley Notary Public_,
<span style="font-size:smaller">(Here insert name and title of the officer)</span>

personally appeared _Kirk Smith_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_(signature)_
Signature of Notary Public

(Notary Seal)

ARRON W. STANLEY
Commission No. 1981271
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
My Comm. Expires JULY 4, 2016

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER

☐ Individual (s)
☐ Corporate Officer

_____
(Title)

☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document